UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,                                        Case No. 21-cr-20685

v.                                                  Hon. Sean F. Cox

Jaguar Taft Cargle,

    Defendant.
_____/

## THE UNITED STATES' SENTENCING MEMORANDUM

**I.    Introduction**

Following his 2016 conviction for Assault with a Dangerous Weapon, Detroit Police found Defendant Jaguar Cargle sleeping in a car with a loaded handgun on his lap on October 13, 2021. After pleading guilty to being a felon in possession of a firearm, defendant now stands to be sentenced in this case. Aged 30 years old, defendant is a multi-convicted felon now facing his first federal conviction. For the reasons that follow, the United States recommends a sentence of imprisonment at the bottom of the Guidelines, or **30 months**, to be followed by three years of supervised release. This recommendation is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3353(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

1

## II.     Facts and Procedural History

On October 13, 2021, Detroit Police Officers were at a convenience store on East 7 Mile Road in response to an unrelated incident. In the parking lot, they observed Defendant Jaguar Taft sleeping in the passenger seat of a 2015 Dodge Journey. They could see a black, steel semiautomatic pistol in his right hand on his right thigh. Officers loudly ordered Defendant to drop the pistol. Defendant turned his body and attempted to conceal the pistol by dropping it behind the passenger seat. Officers removed Defendant from the car and recovered a loaded black Taurus 709 Slim 9mm handgun from the rear passenger compartment where officers had seen Defendant place it (PSR ¶¶ 10–13).

At the time Defendant possessed the Taurus handgun, he had previously been convicted of multiple felonies, including attempted delivery/manufacture marijuana in 2010 and assault with a dangerous weapon in 2016 (PSR ¶ 14). The Taurus he possessed was manufactured in Brazil and had traveled in or affected interstate or foreign commerce (PSR ¶ 15).

On November 9, 2021, a federal grand jury charged Defendant with one count of being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1) (Indictment, ECF No. 1). On June 17, 2022, He pleaded guilty as charged pursuant to a Rule 11 Plea Agreement (PSR ¶ 7).

2

In the presentence report, the Probation Department calculated Defendant's Guideline range to be 30–37 months' imprisonment. (PSR ¶ 70). The government concurs with these calculations.

### III. Sentencing Factors

In 18 U.S.C. § 3553(a), Congress provided the objectives and factors that courts are to consider when imposing a sentence. The United States addresses the most relevant § 3553(a) factors below. In light of these factors, a sentence at the bottom of the Guidelines, or 30 months, is warranted.

    A.    <u>Nature and Circumstances of the Offenses, 18 U.S.C. § 3553(a)(1)</u>

The possession of a firearm by a prohibited person is an inherently dangerous and serious offense. The circumstances surrounding this offense make it particularly serious, as Defendant was found asleep in a car in a convenience store parking lot with a loaded handgun in his hand in plain view. In a city plagued with gun violence, Defendant's open and brazen possession of a loaded firearm in Detroit parking lot while a prohibited person is quite alarming (PSR ¶¶ 10–16).

    B.    <u>History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1)</u>

Defendant's history and characteristics support a guideline-range sentence. At only 30 years old, the instant conviction represents Defendant's first federal conviction. This conviction follows Defendant's past felony convictions in Michigan for delivery/manufacture a controlled substance (marijuana) and assault

with a dangerous weapon, as well as his conviction in Kentucky for second-degree burglary (PSR ¶¶ 31–43). Previously sentenced to probation and custodial sentences, Defendant has not responded positively to either leniency shown through probation or tough punishment through incarceration. Rather, he has continued to reoffend, leading to his conviction in the instant matter.

The circumstances of his 2016 conviction for assault with a dangerous weapon are particularly concerning. On February 15, 2016, Defendant pulled into the victim's driveway where the victim was standing by his parked car, which had the victim's five-year-old daughter seated in the rear passenger seat. Defendant shot at the victim three times with a handgun, striking the vehicle twice in the rear passenger window and once in the rear passenger taillight molding, not far from where the child was located. Defendant was identified as the shooter and arrested. Originally charged with two counts of assault with intent to murder, he pleaded guilty to assault with a dangerous weapon and was sentenced to twelve months' custody with 328 days' credit (PSR ¶ 39).

Although shown leniency for that violent crime, defendant squandered his opportunity and continued to reoffend. He was arrested and sentenced for retail fraud in 2017 and had multiple violations of probation for that conviction. And, in 2018, he as arrested and convicted in Kentucky for second-degree burglary. Ultimately, he was arrested and charged with the instant offense.

As evidenced by his criminal history, Defendant has shown little interest in changing the direction of his life. Though he had a good childhood and upbringing, maintains positive relationships with his family, and has worked as a mechanic, defendant cannot seem to refrain from criminal activity. A prison sentence of 30 months—longer than any other custodial sentence he has yet faced—will hopefully help deliver the message that he must finally end this cycle of criminal activity.

    C.    <u>Seriousness of the offense, promotion of respect for the law, just punishment for the offense, deterrence, and protection of the public, 18 U.S.C. § 3553(a)(2)(A), (B), and (C)</u>

Defendant's prior contacts with the criminal justice system and status as a felon have not deterred him from carrying loaded firearms or criminal activity. As his criminal history and actions in the instant offense demonstrate, Defendant has no respect for the law and must understand that his continued criminal conduct carries increased consequences. A bottom-of-the-guideline-range sentence would help him gain that perspective and hopefully avoid trouble in the future, as well as protect the public from his criminal activity.

## IV.  Conclusion

For the reasons above, the United States respectfully requests a custodial sentence of 30 months, to be followed by three years of supervised release.

                Respectfully submitted,

                DAWN N. ISON
                UNITED STATES ATTORNEY

                *s/Diane N. Princ*
                Diane N. Princ
                Assistant United States Attorney
                211 W. Fort Street, Suite 2001
                Detroit, Michigan 48226
                (313) 226-9524
                Diane.princ@usdoj.gov

Dated: October 19, 2022

## Certificate of Service

I hereby certify that on October 19, 2022, I electronically filed this response for the United States with the Clerk of the Court of the Eastern District of Michigan using the ECF system, which will send notification of such filing to all counsel of record via electronic mail.

                                                    *s/Diane N. Princ*
                                                    DIANE N. PRINC
                                                    Assistant United States Attorney